1
2
3
4                UNITED STATES DISTRICT COURT
5            NORTHERN DISTRICT OF CALIFORNIA
6

7   PASHA HAWAII HOLDINGS, LLC,        Case No. 4:24-cv-07417-KAW
8             Plaintiff,

**REPORT AND RECOMMENDATION**
9       v.                     **TO GRANT IN PART AND DENY IN**
**PART PLAINTIFF'S MOTION FOR**
10   NEPTUNE CONSTRUCTION GROUP     **DEFAULT JUDGMENT; ORDER**
  INC.,                      **REASSIGNING CASE TO A DISTRICT**
11             Defendant.       **JUDGE**
12

Re: Dkt. No. 13

13      On February 10, 2025, Plaintiff Pasha Hawaii Holdings, LLC filed a motion for default
14 judgment.

15      On April 17, 2025, the Court held a hearing, but Defendant did not appear. Since
16 Defendant, by virtue of being in default, has not consented to magistrate judge jurisdiction, the
17 Court REASSIGNS this action to a district judge with the RECOMMENDATION that Plaintiff's
18 motion for default judgment be GRANTED IN PART AND DENIED IN PART.

19                 **I.**     **BACKGROUND**

20      Plaintiff Pasha Hawaii Holdings LLC is an ocean freight common carrier that operates
21 container ships carrying container freight between Hawaii and California for hire. (Compl., Dkt.
22 No. 1 ¶ 6.) Plaintiff had an ongoing relationship with Defendant Neptune Construction Group
23 Inc., in which Defendant repeatedly used Plaintiff to carry containers of ocean freight on
24 Plaintiff's ships from California to Hawaii. (Compl. ¶ 7.)

25      A typical request from Defendant for container freight to be carried by Plaintiff would
26 originate by Defendant logging into Plaintiff's online portal, where Defendant would enter
27 booking confirmation of a requested shipment. (Compl. ¶ 8.) The electronic booking confirmation
28 entry is the first stage in the series of written contracts between the parties. *Id.* The booking

United States District Court
Northern District of California

confirmations could also be supplemented by telephone calls, emails or other electronic communications between the parties. *Id.*

There are 14 booking confirmation entries from Defendant Neptune Construction Group Inc. for container freight, which were booked between July 15, 2023 and December 10, 2023. (Compl. ¶ 9.)  After the booking confirmation, Plaintiff took possession of the container referenced by Defendant, loaded it onto one of its ocean-going container ships and transported the container to the destination specified by the Defendant. (Compl. ¶ 10.)

Upon arrival, an invoice was generated by Plaintiff and sent to Defendant for each individual container shipment. (Compl. ¶ 11.)  There were 14 invoices sent to Defendant that have not been paid. *Id.*  Copies of the unpaid invoices are attached to Complaint. (Compl. ¶ 11, Ex. C.)

Plaintiff alleges that it has performed all its obligations under the Tariff, the booking confirmations, and the invoices. (Compl. ¶ 14.)  Defendant is alleged to have materially breached the terms of the contracts entered between the parties and the Tariff by failing to pay on 14 separate occasions. (Compl. ¶ 15.)

On October 24, 2024, Plaintiff filed the instant action alleging breach of contract and common count claims. On November 6, 2024, Plaintiff served Defendant by personally serving Defendant via substituted service on Kelly Bagla, Esq., who is the registered agent for service of process.  (Dkt. No. 9.)  The service packet was mailed on November 8, 2024, so service was deemed complete on November 18, 2024. *See id.* at 5. Defendant's deadline to respond to the complaint was December 9, 2024. *See id.*  After Defendant failed to respond, Plaintiff requested entry of default on December 12, 2024.  (Dkt. No. 10.)  On December 13, 2024, the Clerk entered default as to Defendant.  (Dkt. No. 11.)

On February 10, 2025, Plaintiff filed the instant motion for default judgment. (Mot., Dkt. No. 13.)  Plaintiff's motion and supporting documents were served on Defendant.  (Dkt. No. 13 at 52.)  To date, Defendant has neither appeared nor filed an opposition to Plaintiff's motion for default judgment.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case

following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Id.* at 999 (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).

Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. See *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors ("the Eitel factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Nevertheless, default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

### III.     DISCUSSION

#### A.     Jurisdiction and Service of Process

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

##### i.     Subject Matter Jurisdiction

In this action, Plaintiff asserts Admiralty claims. This Court has jurisdiction over this action under 28 U.S.C. §1333, which vests district courts with original jurisdiction over "any civil case of admiralty or maritime jurisdiction." (28 U.S.C. §1333). Further, jurisdiction exists in this Court over all claims by virtue of the Carriage of Goods by Sea Act, 48 U.S.C. § 30701.

### ii. Personal Jurisdiction

The Court can exercise personal jurisdiction over Defendant pursuant to the terms of Plaintiff's Sea Freight Tariff (hereinafter "Tariff"), which contains a "Law & Jurisdiction" provision in which the parties agree to submit to the jurisdiction of the United States District Court for the Northern District of California and agree that it is the proper venue for all claims and lawsuits arising between the parties. (Compl. ¶ 2, Ex. A § 21.)  Plaintiff carried the container ocean freight for Defendant pursuant to the Tariff, which is confirmed by the electronic confirmations from Defendant and Invoices from Plaintiff to Defendant. (Compl. ¶¶ 7-11.) Defendant consented to the Tariff when placing orders with Plaintiff for ocean going sea freight. (*See* Compl. ¶¶ 8, 15.)

Thus, the Court has personal jurisdiction over Defendant and venue is proper.

### iii. Service of Process

A domestic corporation may be served by delivering a copy of the summons and the complaint to the agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(h)(1)(B).  Here, Plaintiff served the summons and complaint on Defendant's registered agent by substituted service.  (Dkt. No. 9.)  After Defendant failed to respond to the complaint, default was entered by the Clerk's Office on December 13, 2024.  (Dkt. No. 11.)

Thus, service was proper.

### B. Application to the case at bar

Since the Court has jurisdiction in this matter, this Court must turn to the *Eitel* factors to determine whether the entering of a default judgment is appropriate in this matter.

### i. Prejudice to Plaintiff

Under the first factor, the Court must determine whether Plaintiff will be prejudiced if the Court denies its motion for default judgment.  *Eitel*, 782 F.2d at 1471-72.  As set forth in the complaint, Plaintiff provided contracted freight services, and despite its demand for payment, has been unable to recover the outstanding amounts owed. (Compl. ¶¶ 7-11.)  Thus, if the Court were to deny Plaintiff's motion, Plaintiff would be unable to recover the amounts owed. *See United States v. Mare Island Sales, LLC*, No. CIVS-07-2378-GEB-EFB, 2008 WL 4279406, at *2 (E.D.

1  Cal. Sept. 16, 2008), report and recommendation adopted, No. 2:07-CV-2378-GEB-EFB, 2008

2  WL 11391411 (E.D. Cal. Sept. 30, 2008).  Plaintiff would, therefore, be prejudiced if the Court

3  did not enter default judgment.

### ii.   Merits of Plaintiff's Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors focus on the merits of Plaintiff's substantive claim and

the sufficiency of the Complaint.  *Eitel*, 782 F.2d at 1471–72.  A party seeking default judgment

must state a valid claim upon which it may recover. *Walters v. Statewide Concrete Barrier, Inc.*,

2005 U.S. Dist. LEXIS 49433, at *8 (N.D. Cal. Sept. 2, 2005).

Here, Defendant contracted with Plaintiff for ocean freight services between California and

Hawaii. (Compl. ¶ 7-16.)  After Plaintiff performed all of its obligations under the Tariff, booking

confirmations, and invoiced Defendant, Defendant failed to pay 14 invoices for services.  (Compl. ¶¶

13-14.)  Thus, the Court finds that Plaintiff has sufficiently stated a claim against Defendant for breach

of contract.

### iii.   Sum of Money at Stake

The fourth *Eitel* factor assesses the reasonableness of the potential award if a default

judgment is entered. In making this assessment, the Court must consider the amount of money at

stake in relation to the seriousness of Defendant's conduct. *Eitel*,  782 F.2d at 1471. If the sum of

money at issue is reasonably proportionate to the harm caused by Defendant's actions, properly

documented, and contractually justified, then default judgment is warranted. *Bd. of Trs. of Cal.*

*Metal Trades v. Pitchometer Propeller*, 1997 WL 797922, at *2 (N.D. Cal. Dec. 15, 1997).  A

default judgment is only disfavored when a large amount of money is involved or is unreasonable

in light of Defendant's actions. *Truong Giang Corp. v. Twinstar Tea Corp.*, 2007 WL 1545173, at

*12 (N.D. Cal. May 29, 2007).  In determining if the amount at stake is reasonable, the Court may

consider a plaintiff's declarations, calculations, and other documentation of damages.  *Id.*

Here, Plaintiff seeks $120,506.94, which is the unpaid total balance of the 14 separate sea

freight shipments requested by Defendant and carried by Plaintiff. (Mot. at 3, 6; Compl. Prayer ¶

1.)  This sum is specifically tied to the value of the services provided by Plaintiff to Defendant

and subsequently billed by Plaintiff to Defendant via 14 separate invoices. (Compl., Exs. B & C.)

United States District Court
Northern District of California

5

1    Thus, the invoices issued are reasonable for services provided by Plaintiff, i.e., transport of

2    Defendant's goods via ship between California and Hawaii *See ids.*

3       Accordingly, this factor weighs in favor of default judgment.

### iv.    The Possibility of a Dispute Concerning Material Facts

5       The fifth *Eitel* factor considers the possibility of dispute as to any material facts of the

6    case.  Defendant has not participated in this action and has not made any attempt to contest any of

7    Plaintiff's material facts or legal assertions or moved to set aside the entry of default despite being

8    served with all papers, including the instant motion for default judgment.  Thus, the possibility of a

9    dispute regarding Defendant's liability for damages is unlikely.

10      Thus, this factor weighs in favor of default judgment.

### v.    Whether Default was a Result of Excusable Neglect

12      The sixth *Eitel* factor contemplates the possibility that Defendant's default was the result

13   of excusable neglect.  Under this analysis, the Court considers whether Defendant was put on

14   adequate notice to apprise it of the pendency of the action brought against it.  *Phillip Morris USA,*

15   *Inc. v. Castworld Prod., Inc.,* 219 F.R.D. 494, 500 (C.D. Cal. 2003).  In addition, the Court also

16   considers whether the circumstances surrounding Defendant's failure to answer the complaint are

17   sufficient to excuse or justify its default.  *Shanghai Automation Instrument Co. v. Kuei*, 194 F.

18   Supp. 2d 995, 1005 (N.D. Cal. 2001) (default cannot be attributed to excusable neglect where

19   defendants were properly served with the complaint, the notice of entry of default, and the papers

20   in support thereof).

21      Here, Defendant was properly served with the summons and complaint, as well as with the

22   instant motion for default judgment, and has still failed to appear in this action. Consequently,

23   there is nothing to suggest that Defendant's failure to appear and litigate this matter is based on

24   excusable neglect.

### vi.    Federal Rules Preference for a Decision on the Merits

26      After an examination of these facts in the aggregate, this Court finds that *Eitel* factors one

27   through six outweigh the Federal Rules of Civil Procedure's preference for a decision on the

28   merits. The Court therefore recommends that default judgment be granted.

United States District Court
Northern District of California

## IV.     DAMAGES AND INJUNCTIVE RELIEF

After entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18).

Plaintiff seeks a judgment requiring Defendant

### A.     Damages

Plaintiff seeks judgment in the amount of $120,506.94, which is the total of the 14 unpaid invoices attached to the complaint. (Mot. at 3, 6; Decl. of Martin B. Greenbaum, "Greenbaum Decl.," Dkt. No. 13 at 10 ¶ 2, Exs. B & C; Compl., Exs. B & C.)

Additionally, Plaintiff seeks prejudgment interest in the amount of accrued interest calculated on the unpaid invoice total from the date of the last unpaid invoice through the present day. (*See* Mot. at 6.)  Plaintiff did not, however, provide a legal basis for the award of prejudgment interest in its six-page motion. *See id.*  In its proposed order, however, Plaintiff cites to *Alkmeon Naviera, S.A. v. M/V Marina L.*, 633 F.2d 789, 797 (9th Cir. 1980) for the proposition that, "[i]n admiralty cases, prejudgment interest is awarded at the [court's] [discretion] and should generally be awarded absent peculiar or exceptional circumstances." (Proposed Order, Dkt. No. 22 at 10.) While this does not correct the oversight in the motion itself, Plaintiff's reliance on *Alkmeon Naviera, S.A.* is also misplaced, because that case involved the loss of a vessel, and the Ninth Circuit has found it proper to limit the trial court's discretion in denying prejudgment interest in those cases, because, "in admiralty collisions, prejudgment interest is an element of compensation and not a penalty." *Alkmeon Naviera, S.A.*, 633 F.2d at 797.  This is essentially a breach of contract case, and Plaintiff has failed to provide a sufficient legal basis for the award of prejudgment interest. When this issue was brought to Plaintiff's attention at the hearing, Plaintiff withdrew its request for an award of prejudgment interest.

For the reasons set forth above, the Court finds that Plaintiff is entitled to an award of the

United States District Court
Northern District of California

1  unpaid invoices in the amount of $120,506.94 but declines to recommend that Plaintiff be awarded

2  prejudgment on that amount.

3      **B.    Costs**

4      Plaintiff requests an award of costs in the amount of $477.61 for the costs incurred in

5  connection with this lawsuit. (Mot. at 6.)  Specifically, Plaintiff spent $405 for the filing fee and

6  $72.61 for service of process. (Greenbaum Decl. ¶ 4.)  The Court finds that these costs are

7  reasonable and recommends that they be awarded.

8             **V.    CONCLUSION**

9      For the reasons set forth above, the Court RECOMMENDS that Plaintiff Pasha Hawaii

10  Holdings, LLC's motion for default judgment against Defendant Neptune Construction Group Inc.

11  be GRANTED IN PART AND DENIED IN PART.  Specifically, in recommending that the

12  motion be GRANTED IN PART, the Court recommends that Plaintiff be awarded $120,984.55,

13  which consists of the $120,506.94 in unpaid invoices and $477.81 in costs.

14      To the extent that Plaintiff seeks an award of prejudgment interest, the Court

15  RECOMMENDS that the request be DENIED.

16      Finally, no later than 3 days from the date of this report and recommendation, Plaintiff is

17  instructed to serve Defendant with a copy by any means reasonably calculated to provide actual

18  notice, and file proof of service to that effect.  Any party may file objections to these

19  recommendations within 14 days of being served with a copy.  *See* 28 U.S.C. § 636(b); *See* 28

20  U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3.  The parties are advised that

21  failure to file objections within the specified time may waive the right to appeal the District

22  Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL

23  1496056, at *3 (N.D. Cal. Apr. 20, 2011).

24      IT IS SO RECOMMENDED.

25  Dated: May 21, 2025

26                          KANDIS A. WESTMORE

27                          United States Magistrate Judge

28